The first case on the docket is 525-0066, People v. Branden Keppler. Are the parties ready to proceed? Okay, you may come to the podium and introduce yourself and begin when you're ready. May it please the Court, good morning, Your Honors. My name is Joshua Samuel Malter-Richards. I represent Mr. Keppler, the appellant in this matter. Your Honors, at a minimum, the Court should reverse and remand for a new hearing under a new judge in the lower court. And that is because... I'm going to stop you right there. Why a new judge? Your Honor, because the lower court judge made a ruling and already assessed the case under the wrong standard, the higher standard. Therefore, if when this was back, if the same judge were to hear the case, it would prejudice my client in that this judge already made a wrong ruling under the wrong standard and applied that wrong standard to the facts. And so a new judge would be appropriate in this instance to have a new hearing on the matter and make the proper ruling under the proper standard, preponderance of the evidence. So are you familiar with the most recent Illinois Supreme Court case on People v. Class that talks about when a new judge should be appointed? No, Your Honor, I'm not. So one of the issues that the case raises is potential bias or prejudice. And we should be very limited in our assignment of new judges. How is your client going to be prejudiced, or what is it that you think, because you make a mistake, is biased in the judge that already asked the case? Well, Your Honor, the prejudice is that we can't turn back the clock and have the old courts be able to say, I was wrong, I applied the new standard. And also, how the court ruled in the order was applying that wrong standard to facts about Mr. Kepler and the fact that he didn't testify before, or the fact that there was a lack of so-called corroboration of the alibi, although from our point of view, that is not needed, as we put in our brief. So for those reasons that a new judge should be assigned, but regardless of whether or not a new judge needs to be assigned, the case law is clear that this case should be reversed and remanded under either Klepstahl, Mnuchin v. Engels, or Kepler v. Varela. This is not the case where you have a court give an oral ruling and say, I'm going to follow up and write it. This is not a case where the court reads out their printed ruling and there is a transcript of what the court says. That is not what happened here. What happened here is that there was a hearing and the court multiple times said that they were going to be taking the matter under advisement and then issue a written ruling later, which is what happened. If you look first at the ribbon order, this isn't a case where the court says on page one, the standard is preponderance of the evidence. On page two, standard is preponderance of the evidence, but at the end says the standard is clear and convincing. That's not what happened in the order that the court issued. What happened was that there were many references to petitioner's burden, petitioner's burden, but there was only one time when the court said what petitioner's burden was. That was at the end when the court said clear and convincing in the order. So it's not a case where... But do you think the court's analysis was correct within the order prior to getting to the burden or the standard of review? I'd agree that the court stated the correct factors, the four factors that must be met in terms of what the petitioner has to prove. However, we disagree with the court's conclusion in terms of the evidence that was presented by Kepler. We disagree with how the court weighed the prior trial testimony. And just as a quick aside, Your Honor, how this case came back down was it was reversed and remanded based on ineffective assistance of counsel. However, if there had been enough evidence where the ineffective assistance of counsel didn't matter, it would not have been reversed and remanded. So when you take that plus the unrebutted evidence of my client's alibi, you have preponderance of the evidence, which is a slight tipping of the scales. That's it. That's all that's required. When did your client first introduce his alibi? It was at the hearing. I've gone through trial and nobody said anything about this, and all of a sudden now we have an alibi. I make two points with that. The first point is that my client has a Fifth Amendment right not to testify, not to put on any defense. And so to hold that against my client would violate his Fifth Amendment right to remain silent and in terms of the criminal nature of the underlying case. The petition for certificate of innocence is civil. And what could have happened that the state did not do is they could have sought, hey, we want to issue interrogatories. We want to issue a request to depose. The state could have done that. They did not. The objection that was drawn by the state during this testimony at trial to try to limit facts to the trial record, I understand why the state did it. But the more appropriate thing to have done would have been before this hearing ever happened was for the state to actually issue interrogatories and say, what is the defense that you're going to be raising in your petition? What is your defense of actual innocence? But, you know, the state didn't feel like they were, that they needed to do that. And that was their error. But my client in just bringing the alibi up for the first time should not be harmed by that. The purpose of the statute, of the certificate of innocence, is that the petitioners are allowed to bring up new information because there was errors in what happened before. And the... But one of the factors is they have to show they are factually innocent, right? Yes, but this is... Let me just finish my thought, if I could, please. When the trial happened, the criminal trial, I agree with you that he has no burden to produce evidence. Except, doesn't he have a burden, once the motion for a directed verdict in his favor is denied, to raise... Doesn't the burden shift then, at least for him to show his innocence if the trial judge has ruled that, okay, we're going to send this to the back finder? Is there no obligation on him at that point? No, there is no obligation. At any time? At any time. Okay, I agree with you. I don't think so. I just want to know what your thought was on that. So the first time he can raise his actual innocence is at this point in the hearing. And does the state have to then bring in the witnesses again? That's up to the state to choose what to do. And that's up to the state to choose how they want to proceed in attacking, well, in this case, the alibi. I wouldn't say it's a defense, really, because he's the petitioner. It's alibi evidence. And evidence doesn't have to be receipts. Evidence can just be testimony. That is still evidence. But the burden at this stage is clearly on the defendant, your client. And that would include if he has any documentary evidence or anything such as receipts that they've talked about, credit card statements, things such as that. The burden would be on him to have those and to use those to prove his petition, correct? That is true in a sense. However, I think some of the rulings and the intent of the statute acknowledges the fact that with these certificate of innocence cases, time has passed since the original trial happened. So that's why it's just a preponderance standard. And sometimes all you have is the testimony because records have gone away or have not been kept over the course of time. I mean, this was almost a decade since 2017 when the actual hearing occurred. Your red light is on. So I'm going to ask the judges if they have any questions. Just a folder. No questions. Thank you. Not at this time. Okay. You will have a few minutes after your opponent speaks to reply. Thank you. All right. Thank you. Okay. The State. Good morning, Your Honors. This is Hiram Fenjack representing the State. Could you say your name again? Hiram Fenjack. Okay. With respect to the petitioner's argument that the circuit court erred by applying the clear and convincing standard, assuming the court did apply the incorrect standard, reversal is still unwarranted. My brief reference is the Supreme Court decision in Ray Stevenson from 1979 where the trial court applied a preponderance of the evidence standard during a civil commitment hearing when the correct standard should have been clear and convincing. However, the Supreme Court affirmed because it determined the evidence still satisfied the higher standard regardless. The same logic applies in this case, just in reverse. That is, the petitioner's evidence failed to satisfy even the lower preponderance standard. Although the petitioner contends as alibi testimony that he was out of state on the weekend, the question was unrebutted and uncontradicted. This ignores the record. At trial, the victim testified in detail that the petitioner sexually assaulted her. Her account was corroborated by three other of her friends who were there that night. And additionally, multiple of the petitioner's own defense witnesses placed him at the scene that night. The Honeymans, Brown, Mark Beck all testified about the gatherings that weekend. None suggested he was absent. And Mark Beck actually testified. He spoke directly with the petitioner that weekend about whether the victim was good company for his stepdaughter. So if the petitioner had truly been out of state in Indiana, one would imagine his own defense witnesses at least would have almost certainly have said so, and they did not. Against the trial record, all of the trial record, the petitioner has only offered his uncorroborated testimony at the hearing that he was out of state on a work trip in Indiana. And he produced no receipts, no statements, no documentation of any kind. And his explanations for the absence of those records were varied. He said his attorney advised against presenting it at one point. And he said his wife destroyed the records. The divorce court had everything. So in conclusion, the circuit court was in a position to observe the petitioner testify and found him not credible. That determination is entitled to deference. Therefore, any error in the circuit court's application of the burden of proof was harmless. The petition would have been denied under any standard, and this court should affirm. Thank you. Okay, thank you. Just a moment. Counsel, I believe in your brief you did argue that the trial court orally pronounced its ruling and applied the correct standard at the hearing. However, when I reviewed the transcript of the hearing, I didn't see where the trial court actually made an oral ruling. The trial court did mention the correct burden of proof to be applied orally, but never pronounced its decision and took the matter under advisement. Is that correct? Yes, that's correct. The court referenced the correct standard at the hearing, but the court was not making a decision at that time. So it was more evidence that it was perhaps a drafting error in the written order along those lines. It's a pretty big drafting error, don't you think? Yeah, I agree. Okay. Any further questions? No further questions. Thank you. Justice Boyd? I don't think so. I know opposing counsel didn't touch upon the standard of review, which I think we all know is kind of nebulous and all over the place. We heard a case, I believe, from Mr. Richards a couple, three months ago, the Sanchez-Perez case that had that similar issue. I believe it's the state's position that it's abuse of discretion. Is that correct? That's correct. Okay. I just want to be clear on that. Mr. Penjack, what do you think about the request that a new judge be appointed? If this were to be reversed, what is your position on that? I'm not familiar with that recent case you brought up. I don't see an issue with bias, necessarily. Well, just generally, if you exclude my question about the Supreme Court case, although I think it's a good one to read, what do you think about a request for a new judge under the circumstances of this case? There's no evidence to indicate the judge was prejudiced or biased against the petitioner. The only issue, really, was the standard burden of proof, so I don't see any reason to have a new judge appointed. Okay. So, in other words, counsel, we don't know how this judge would have ruled had the judge applied the correct standard under the statute. Is that fair? Well, my argument is that the evidence of his innocence is so weak that it would not have satisfied any reasonable trier of fact would not have found it satisfied with the prominence of evidence standard. The trial court may not have viewed it the same way. Maybe the trial court found that this was a closer case but applied the wrong burden of proof, requiring a higher burden on the part of the petitioner. Should that have been the case, then, if that's how the trial court was looking at the evidence, we don't know how this trial court would have ruled, do we, if it had applied the correct standard burden? Again, I would argue a reasonable trier of fact, a hypothetical reasonable trier of fact, would not have found this evidence of innocence met the prominence standard. I can't speak to the specific judge, but a reasonable trier of fact would not have concluded this met the prominence of evidence standard to establish the defendant's innocence. Thank you very much. No further questions, thank you. No questions? All right. Thank you, Mr. Fenchin. Thank you. Mr. Richards, rebuttal or reply? Thank you, Your Honor. I first want to address the argument as to In re Stephenson and the states saying that the logic is that the reverse should be true. In re Stephenson was from 77, but in terms of Klupstall, Manuka, and Varela, those are all post-77, and those are all cases that actually better mirror what is occurring in this case. Klupstall is if you believe that there is some sort of uncertainty about what the lower court was thinking in making their ruling, and you have Manuka v. Angles and Varela, which are just outright, the court clearly doing the wrong standard, which is what we propose happened here in this case. I just want to also touch on real quickly the colloquy that's in the record at, I believe it's 866 to 867, where the whole discussion with the court, on 866, the court first says that they intend to take the matter under advisement. And then on the next page, on 867, you have the court saying, understanding generally of the statute, and then later saying, but if I find something. Now, the court was talking about research in terms of the limitations of what Mr. Krupa could and could not testify to, but in terms of finding something and researching, but the statement understanding generally of the statute, that's not a clear statement that, oh, yes, this is the law, for sure. So I think the hanging one's hat, if you will, on that preponderance statement that occurred in that colloquy is not well taken. And the last point in terms of what is the standard of review to be taken, one thing I'll note is that it's a guiding principle that there has to be common principles of law for the courts to follow and to give certainty to both the public, certainty towards the legislature and how they draft statutes. And the standard should be not abuse of discretion, but the standard should be a manifest weight of the evidence. And that is because if the standard that's expressed in Morgan is when you have a shall statute and a preponderance standard, that triggers manifest weight of the evidence. Here you have a shall statute preponderance standard. There should also be a manifest weight of the evidence standard. But as I said, that's if the court gets there. At this point under Fustall, Ingalls, and Varela, this case should be reversed and remanded. Any questions? No further questions, thank you. Well, and I think what you were, when you're talking about the manifest weight, I believe that's what Justice Overstreet wrote in his special concurrence in the Washington case. Right, Your Honor. But obviously that's not, that's different, that's not fine. I understand, but that is the Fifth District. Yes. That's our representative on the Supreme Court. Yes. Anything else? No. Okay. Thank you, Your Honor. Does that conclude your argument? Yes, it does, Your Honor. Thank you, Your Honor. Thank you, Mr. Richards. And thank you, Mr. Fudgek. We appreciate your arguments here today. This is obviously an interesting case for the court when a judge is alleged to have made the wrong ruling based on an incorrect standard of review. But the matter will be taken under advisement and revoiced in order in due course. Thank you.